IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELEE MARIA-GOLLIHAR,

        Plaintiff,                    No. CIV S-10-135 MCE KJM PS

    vs.

COUNTY OF SAN JOAQUIN, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        As the court previously has observed, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the original complaint, Michelle Maria-Gollihar was named as the plaintiff. The amended complaint names Anthony Joseph Gollihar as the plaintiff, apparently complaining of the allegedly wrongful death of his father due to excessive force in violation of 42 U.S.C. § 1983. It appears that Anthony Gollihar may not be a proper party plaintiff inasmuch as the amended complaint indicates decedent was survived by a wife at the time of his death. Whether cast as a survivor action or a wrongful death action, the complaint as it now stands does not establish the right of plaintiff to proceed in this action. See Cal. Code Civ. Proc. §§ 377.30, 377.32, 377.60. Plaintiff will therefore be granted another opportunity to amend.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. Proc. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

1 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
2 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
3 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
4 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
5 omits to perform an act which he is legally required to do that causes the deprivation of which
6 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7 Moreover, supervisory personnel are generally not liable under § 1983 for the
8 actions of their employees under a theory of respondeat superior and, therefore, when a named
9 defendant holds a supervisorial position, the causal link between him and the claimed
10 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
11 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
12 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
13 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14 Cir. 1982).

15 As the complaint now stands, it appears plaintiff may be able to state a claim for
16 excessive force against an employee of the San Joaquin County Sheriff's Department.  However,
17 with respect to plaintiff's remaining allegations, a claim under section 1983 has not been stated.
18 There are no allegations that any official policy gave rise to the alleged constitutional
19 deprivation.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978).  The claims
20 against the Sheriff's Department and California State Department of Corrections and
21 Rehabilitation cannot, therefore, lie.

22 Plaintiff has requested the appointment of counsel.  The United States Supreme
23 Court has ruled that district courts lack authority to require counsel to represent pro se litigants in
24 § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
25 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
26 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1.  Plaintiff's amended complaint is dismissed.

   2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

   3.  Plaintiff's request for appointment of counsel is denied without prejudice.

DATED:  May 3, 2010.

_____
U.S. MAGISTRATE JUDGE

006
maria-gollihar2.lta

4